[Crim. No. 3269.   Second Appellate District, Division One.—December 9, 1939.]

## THE PEOPLE, Respondent, v. DAVID L. WHITLOW, Appellant.

Vernon R. Hamilton for Appellant.

Earl Warren, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

DORAN, J.—Defendant David L. Whitlow, who was adjudged guilty of the crime of grand theft by the court, a jury having been duly waived, appeals from the judgment of conviction, and from the order denying a motion for a new trial.

Appellant was charged with obtaining $300 from one Ethel McCarthy, on or about March 18, 1939.

Briefly, the evidence reveals that Miss McCarthy, a child nurse by occupation, was working in an employment agency in the early part of the year 1939; she became acquainted at that time with the defendant, who was seeking employment. After they had seen each other daily for about six weeks, they appear to have arrived at an understanding regarding the possibility of prospective marriage. In the early part of March, 1939, Miss McCarthy told the defendant that she was intending to go into an employment agency business, and they discussed the matter of the purchase by her of a one-half interest therein for the defendant, who was still unemployed. Whitlow, however, was interested in purchasing a one-half interest in a gasoline station located at Third Avenue and Venice Boulevard, in Los Angeles, owned by a Mr. C. F. Graham. They drove out one day to the gasoline station, and the defendant talked to Mr. Graham out of Miss McCarthy's hearing. Two or three days later, on Saturday afternoon, March 18th, Miss McCarthy gave the sum of $300, which she had borrowed from an individual, to Whitlow for the purpose of completing the purchase of his one-half interest in the filling station. Miss McCarthy did not see the defendant until the next day, Sunday, at which time he stated that he was investigating the service station deal further. On Tuesday morning, the defendant told her that he had lost the $300 in gambling on Saturday night, Sunday night and Monday night. Miss McCarthy saw the defendant on one occasion thereafter, at which time he promised to repay the money lost. Some two weeks later Miss McCarthy reported the matter to the district attorney's office.

At about the same time as the incident above related, namely, on March 22, 1939, the defendant obtained $225 from a Mrs. Ida E. Morse for the asserted purpose of purchasing an interest in a gasoline station, which money was also lost in gambling.

█ It was claimed by defendant at the trial that the money was obtained from Miss McCarthy as a loan, for which reason it is contended on appeal that the evidence is insufficient to support the judgment. Primarily, it was the function of the trial judge to determine the truth of the defendant's testimony, in which connection, in all probability, it was no more impressive at the trial than the record reveals it to be on appeal. The evidence was sufficient to sustain the court's finding of guilt. All of the elements of the crime were fully established.

█ It is next contended that the testimony of Mrs. Morse, with regard to the $225 obtained from her, was irrelevant and hence that its admission was error. It is further urged that the district attorney's effort to establish, by the testimony of Mrs. Morse, that the defendant also resorted to the marriage lure in his transaction with her, amounted to prejudicial misconduct. In that connection the record reveals that the following took place:

Redirect examination by Mr. Blalock, deputy district attorney:

"Q. Mrs. Morse, did this defendant ever propose marriage to you?

"Mr. Hamilton (Defendant's attorney) : Objected to as immaterial, if the Court please.

"A. We didn't talk things like that.

"Q. (By Mr. Blalock) : Did the defendant ever propose marriage to you?

"Mr. Hamilton: Just a moment. May I have a ruling on my objection? I don't know why we should embarrass this witness or what the materiality of that question is.

"Mr. Blalock: Merely further corroboration of the *modus operandi* of this defendant in securing money from women.

"Mr. Hamilton: I cite the remarks of the district attorney as misconduct. It is an insinuation.

"Mr. Blalock: There is no insinuation. I expect to be able to establish that he proposed marriage to Mrs. Morse.

"Mr. Hamilton: She answered the question that they didn't talk about such things, and I don't think it is material or competent to any issues in this case.

"The Court: It is overruled.

"Q. By Mr. Blalock: Do you recall now, Mrs. Morse, whether this defendant ever proposed marriage to you?

"A. Not in any serious way at all.

"Q. Well, did he ever propose marriage to you?

"Mr. Hamilton: Just a moment. I object to that. The matter has been answered.

"A. I am not going to answer.

"The Court: Overruled.

"Mr. Blalock: The witness says she is not going to answer.

"The Court: All right.

'Q. By Mr. Blalock: As a matter of fact, didn't you say to him, 'Well, Bob, don't be silly. I am old enough to be your grandmother?'

"Mr. Hamilton: Just a moment. Now I am going to object to that as an attempt on the part of the district attorney to impeach his own witness.

"The Court: Objection sustained."

In the circumstances, such evidence was not inadmissible, either with regard to the fact of obtaining the money, or with reference to the evidence sought to be introduced regarding a proposed marriage. The intent in the mind of the defendant at the time he obtained the money from Miss McCarthy was a fact in issue. Evidence of any other facts from which the fact in issue is logically inferable, is relevant. Defendant's contention, therefore, that the effort to introduce such testimony amounted to prejudicial misconduct is without merit.

There being no errors in the record, the judgment and the order denying the motion for a new trial are, and each of them is, affirmed.

York, P. J., and White, J., concurred.